# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

FREDERICK MITCHELL
        Petitioner,

    v.                                                    Case No. 06-C-0497
                                                                (Criminal Case No. 03-CR-194)

UNITED STATES OF AMERICA
        Respondent.

## ORDER

Petitioner Frederick Mitchell requests a certificate of appealability ("COA") so that he may appeal my August 31, 2006 Order dismissing his Fed. R. Civ. P. 60(b) motion to re-open his § 2255 action. Petitioner has not filed a notice of appeal, but because he proceeds pro se and his request for a COA contains all of the information required by Fed. R. App. P. 3(c), I will treat the COA request as a notice of appeal. See Van Divner v. Pennsylvania, No. 05-1197, 2005 U.S. Dist. LEXIS 18414, at *16-17 (W.D. Pa. Aug. 29, 2005) (stating that if the petitioner files a request for a certificate of appealability, but should have filed a notice of appeal, the court has discretion to consider it as such).

## I. BACKGROUND

Petitioner pleaded guilty to conspiracy to distribute five kilograms or more of cocaine, and on May 13, 2005, I sentenced him to 135 months in prison, a sentence below the advisory guideline range of 168-210 months. At sentencing, the government stated that it expected to later file a motion for a sentence reduction under Fed. R. Crim. P. 35(b)

to reward defendant for his substantial assistance. In September 2005, the government filed a protective Rule 35(b) motion.

Apparently unaware that the government had filed the Rule 35 motion, on April 18, 2006, petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255, alleging primarily that his lawyer provided ineffective assistance in inducing him to plead guilty on the promise that he would receive a Rule 35 motion.[1] On May 1, 2006, I held a status conference, at which the government indicated that it was ready to proceed with the Rule 35(b) motion, and I scheduled a hearing for June 27. On or about June 8, 2006, the government filed a motion under Rule 35(b) requesting that petitioner's sentence be reduced by two levels.

On June 27, 2006, petitioner appeared for the Rule 35 hearing and withdrew his § 2255 motion on the record. I granted the government's Rule 35 motion and reduced petitioner's sentence by 3 levels, to 97 months. Following the hearing, I issued an order dismissing the § 2255 action.

On August 30, 2006, petitioner filed a motion under Fed. R. Civ. P. 60(b) seeking to re-open the § 2255 action. He argued that he expected a much larger reduction under Rule 35, and that he agreed to dismiss the § 2255 action on that understanding. I dismissed the motion as second or successive. In the alternative, I denied the motion because petitioner presented no valid basis for re-opening the § 2255 action and his underlying claims lacked merit. Petitioner now seeks a COA in order to appeal that decision.

---

[1] He also claimed that counsel failed to file a notice of appeal, and that I improperly enhanced his sentence based on drug weight and possession of a firearm.

## II. COA STANDARD

Before a § 2255 petitioner may take an appeal, the district court must consider whether to grant him a COA pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b). This requirement applies to an appeal from the denial of a Rule 60(b) motion in a habeas case. Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004).

The COA may issue only if the applicant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).

When a district court dismisses a § 2255 motion based on procedural grounds without reaching the underlying constitutional claims, a COA "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Finally, where the request pertains to the denial of a Rule 60(b) motion, the COA may issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas

3

petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right. Eltayib v. United States, 294 F.3d 397, 399 (2d Cir. 2002).

### III. DISCUSSION

I dismissed petitioner's Rule 60(b) motion as a second or successive petition. Rule 60(b) motions are subject to the limitations that 28 U.S.C. § 2255 ¶ 8 places on second or subsequent federal collateral attacks. Curry v. United States, 307 F.3d 664, 665 (7th Cir. 2002). Because petitioner's motion attacked his sentence, rather than some procedural flaw in my handling of the habeas case, see Gonzalez v. Crosby, 545 U.S. 524, 125 S. Ct. 2641, 2648 (2005), and because petitioner had not obtained the permission of the court of appeals to launch another collateral attack, I was required to dismiss the motion for lack of jurisdiction, Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004).

In his COA request, petitioner argues that I was required to advise him at the Rule 35 hearing that any further motions would be characterized as second or successive. He cites no authority in support of his argument, and I have found none. The district court's duty to warn arises when the court re-characterizes an initial motion labeled as something else as one falling under § 2255. See Castro v. United States, 540 U.S. 375, 383 (2003); Henderson v. United States, 264 F.3d 709, 711 (7th Cir. 2001). There is no duty to advise a petitioner who files a properly labeled § 2255 motion that further motions are subject to the limitations on successive filings; the statute provides all the warning that is necessary.

In my August 31 Order, I noted that it could be argued that petitioner's first motion should not "count" because he voluntarily dismissed it. However, relying on Johnson v. United States, 196 F.3d 802, 804 (7th Cir. 1999), I concluded that the motion should count

4

because petitioner "had an opportunity for a decision" but instead abandoned the motion "in the face of looming defeat." I do not believe jurists of reason would find this conclusion debatable or wrong, but even if they could, no COA should issue. I denied the Rule 60(b) motion in the alternative, and jurists of reason would not find that decision debatable or wrong.

First, petitioner presented no viable basis for vacating the dismissal of his § 2255 action. His dissatisfaction with the government's Rule 35(b) motion and my ruling thereon does not justify relief from the judgment. Petitioner knew prior to dismissing his § 2255 motion that the government was recommending a 2-level reduction. I granted him a 3-level departure. While he may have hoped for more, he cannot claim mistake, inadvertence, surprise or excusable neglect, or any other ground for relief under Rule 60(b). Therefore, jurists of reason would not find it debatable that I abused my discretion in denying the Rule 60(b) motion.

Second, petitioner has not made a substantial showing of the denial of a constitutional right in connection with his underlying claim. In the Rule 60(b) motion, petitioner argued that I erred at sentencing in imposing a 2-level enhancement based on weapon possession under U.S.S.G. § 2D1.1(b)(1). I denied the claim because (1) arguments that the judge misapplied the guidelines are generally not cognizable under § 2255, United States v. Wisch, 275 F.3d 620, 625 (7th Cir. 2001), particularly now that the guidelines are advisory; (2) petitioner procedurally defaulted this claim by failing to raise it before me or on direct appeal; and (3) the claim lacked any merit. The PSR stated without objection that petitioner possessed a gun and drugs in his home, which is sufficient to impose the enhancement. See U.S.S.G. § 2D1.1(b)(1) cmt. n. 3 ("The adjustment

5

should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."); see also United States v. Bothun, 424 F.3d 582, 586 (7th Cir. 2005); United States v. Bjorkman, 270 F.3d 482, 494 (7th Cir. 2001). Petitioner presented no evidence showing that it was clearly improbable that the gun found in his home was connected to his drug activities. Nor did he present any evidence showing that the PSR erred in stating that drugs were found in his home with the gun. See United States v. Mustread, 42 F.3d 1097, 1101-02 (7th Cir. 1994) ("Generally, where a court relies on a PSR in sentencing, it is the defendant's task to show the trial judge that the facts contained in the PSR are inaccurate."). His reliance on § 924(c) cases was misplaced, because conviction under that provision requires additional evidence beyond that required to impose the § 2D1.1(b)(1) enhancement. United States v. Carmack, 100 F.3d 1271, 1279 (7th Cir. 1996). Finally, petitioner offered no explanation for his agreement to this enhancement in his plea agreement with the government. Given the total failure of this claim on the merits, jurists of reason would not suggest that it proceed further.

In his COA request, petitioner blames his lawyer for failing to challenge the PSR and request an evidentiary hearing. He contends that the government offered no proof at the sentencing hearing that he possessed drugs and a gun in his home, and that the only evidence was contained in the PSR.

In order to establish ineffective assistance, the defendant must show that (1) counsel performed deficiently, and (2) counsel's deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). The performance prong requires the defendant to identify specific acts or omissions of counsel that fell outside the wide range of professionally competent assistance. Id. at 690. To show prejudice, the

6

defendant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694.

Petitioner failed to make the necessary showing. He presented no evidence in support of his contentions. His conclusory statements are clearly insufficient. See United States v. Limehouse, 950 F.2d 501, 503 (7th Cir. 1991). Absent specific evidence to the contrary, the court is permitted to rely on the PSR. See United States v. Bryant, 420 F.3d 652, 657 (7th Cir. 2005). Finally, petitioner failed to explain away his agreement that this enhancement applied. Reasonable jurists would not encourage an ineffective assistance claim to proceed further on this basis.

Petitioner also argues in his COA request that it was unreasonable for counsel not to consult with him about an appeal. Although petitioner raised a claim of ineffective assistance in not appealing in his original § 2255 motion, he failed to do so in the Rule 60(b) motion. Thus, the argument is not properly before me. Even if it were, I would not issue a COA on that basis. Petitioner failed to demonstrate that he told counsel to appeal, or that counsel had a duty to consult with him further about an appeal. Petitioner pleaded guilty, preserving no issues for appeal, and received a sentence below the guideline range recommended in the plea agreement and the PSR. He had no non-frivolous issues for appeal. See Roe v. Flores-Ortega, 528 U.S. 470, 480, 484-85 (2000). Petitioner claims that he wanted to appeal, but given the undisputed facts of the case, his bald claim is insufficient. Cf. United States v. Fudge, 325 F.3d 910, 924 (7th Cir. 2003) (holding that a mere allegation that the defendant would, if properly advised, have insisted on going to trial is insufficient). Thus, this claim should also not proceed further.

7

## IV. CONCLUSION

For the reasons stated above and those stated in my August 31, 2006 Order,

**IT IS ORDERED** that petitioner's request for a COA (R. 7) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 4th day of October, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge